UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYN TAYLOR and JUSTIN ALICEA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC.<br><br>Defendant. | Case No. 5:25-cv-00186-KK-SHK<br><br>STIPULATED PROTECTIVE ORDER |

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth

in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; nonpublic policies and procedures; confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential

for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: *Taylor, et al. v. Walmart, Inc.*, Case No. 5:25-cv-00186-KK-SHK.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that may qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that may qualify for protection under Federal Rule of

Civil Procedure 26(c), containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data (defined below).

2.9 <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record:</u> attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12 <u>Party:</u> any party to this Action, including all of its officers, directors, employees (and their support staffs).

2.13 <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Data:</u> any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain

Protected Data may compel alternative or additional protections beyond those afforded HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief pursuant to the dispute resolution process under Local Rule 37-1 *et seq*.

2.16   Protected Material:  any Disclosure or Discovery Material, including Protected Data that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, and including confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) in such a way that does not interfere with the visibility of the underlying data or information.

Information on a disk or other electronic format (*e.g.*, a native format production which is not formatted in ready-to-print pages) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Parties shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Protected Material from which those copies were made.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) in such a way that does not interfere with the visibility of the underlying data or information.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Alternatively, the Designating Party may identify the protected portion(s) of a deposition transcript in writing within thirty (30) days of receipt of the deposition transcript. The Parties may agree to a reasonable extension of the 30-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. If a Party communicates in writing, or on the record before the close of the deposition, its intention to identify portions of a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the entire transcript shall receive confidential treatment for the 30-day period of receipt of the deposition transcript. Upon such designation, the court reporter shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Changing Designations</u>. A Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the Receiving Parties notice of the change by identifying the documents or information at issue. (2) Within seven (7) days after giving notice, the Producing Party must re-produce the documents or information in a format that contains the new designation. (3) Once notice of a new designation is given, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If such information has been

disclosed to persons not qualified pursuant to paragraph(s) (7.2) below, the Party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Protected Material; (b) advise such persons that the material is Confidential; and (c) the Receiving Party shall give the Producing Party written assurance only that steps (a) and (b) have been completed.

5.4   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  A correction shall be timely corrected if the Designating Party makes its correction within fourteen (14) days of the Designating Party's discovery of the designation error.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action, only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Persons having knowledge of Protected Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action except that Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to In-House Counsel not to officers, directors and employees as set forth in this subsection;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to Professional Vendors and not to professional jury or trial consultants or mock jurors as set forth in this subsection;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Restriction on Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Direct Competitors.  Notwithstanding the foregoing, Protected Material shall not be knowingly disclosed to any employees of, or consultants, advisors, or agents of, a direct competitor of any Party named in the

Action. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a Party named in this Action, then before disclosing any Protected Material to a current employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) not oppose reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material unless an

existing and separate agreement between the Producing Party and the Non-Party directs otherwise.

    (d) If a Non-Party produces (or intends to produce) documents or information and does not designate (or does not intend to designate) those documents or information as Protected Material, then any Party to this action may seek to designate that third party's documents or categories of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Protected Material after the Parties confer.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738.

In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

A Producing Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "Clawback Request") must give written notice to any Receiving Party. After a Clawback Request is received, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. Fed. R. Civ. P. 26(b)(5)(B). The Producing Party must preserve the information until the claim is resolved. The Parties shall meet and confer regarding any Clawback Request before the Receiving Party may present the information to the Court, under seal, for a determination of the claim pursuant to Fed. R. Civ. P. 26(b)(5)(B). During determination of the claim, the Receiving Party shall not review or use the document, or any work product containing information taken from that document, for any purpose other than resolving the claim.

12. DATA SECURITY

The Parties agree to provide adequate security to protect data produced by the other Party(ies) or by Non-Parties. This may include secure data storage systems, established security policies, and/or security training for employees, contractors and experts to the extent reasonable, practicable and necessary. Adequate security also may include such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any Receiving Party subject to the terms of this Protective Order will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

13. PROTECTED MATERIAL IN HEARINGS

The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Protected Material (or references to that material) as evidence during a hearing or similar proceeding in this Action. Prior to using Protected Material or the information contained therein at any hearing that is open to the public, the Party seeking to use the Protected Material must give at least seven (7) days advance notice to the Producing Party, to the extent reasonably practicable, of the intent to use the Protected Material so that the Producing Party may seek an appropriate Court Order to preserve the confidentiality of the Protected Material.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4 The Parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the Parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Protected Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

15. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must at its discretion either return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 14, 2025

*/s/ Jennifer L. MacPherson*
Jennifer L. MacPherson (SBN 202021)
*Attorneys for Plaintiffs and the Proposed Class*

DATED: July 14, 2025

*/s/ Monica Frascona*
Monica Frascona (SBN 242308)
*Attorneys for Defendant*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 07/15/2025

Honorable Shashi H. Kewalramani
United States Magistrate Judge

18

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Kaitlyn Taylor, et al. v. Walmart, Inc.*, Case No. 5:25-cv-00186-KK-SHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____