CROSNER LEGAL P.C.
Jennifer L MacPherson
*jmacpherson@crosnerlegal.com* (SBN 202021)
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Classes*

*(additional counsel on following page)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAITLYN TAYLOR and JUSTIN ALICEA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC.<br><br>Defendant. | Case No. 5:25-CV-00186-KK-SHK<br><br>**FIRST JOINT STIPULATION TO MODIFY CIVIL TRIAL SCHEDULING ORDER**<br><br>Judge: Hon. Kenly Kiya Kato |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 16-14 and Honorable Kenly Kiya Kato's Civil Standing Order (ECF No. 9) section VII.4, it is hereby stipulated and agreed by and between Plaintiffs Kaitlyn Taylor and Justin Alicea ("Plaintiffs") and Defendant Walmart Inc. ("Walmart") (collectively, the "Parties"), through their undersigned attorneys, and subject to approval and entry by the Court, that the Court's July 28, 2025 Civil Trial Scheduling Order (ECF No. 30) (the "Scheduling Order") be modified as follows:

**WHEREAS**, this Stipulation is accompanied by a detailed declaration from Plaintiffs' counsel setting forth the specific reasons for the requested extension as required by the Court's Standing Order (ECF No. 9, VII.4);

**WHEREAS**, on April 18, 2025, Plaintiffs served forty-eight (48) Requests for Production of Documents, eighteen (18) Interrogatories, and six (6) Requests for Admission on Defendant;

**WHEREAS**, on April 21, 2025, the Parties filed a Joint Report Rule 26(f) Discovery Plan with a proposed schedule of pre-trial dates (ECF No. 17);

**WHEREAS**, on May 19, 2025, Defendant served responses and objections to Plaintiffs' discovery;

**WHEREAS**, on May 27, 2025, Defendant served thirty-one (31) Requests for Production of Documents on each of the Plaintiffs and fourteen (14) Interrogatories on Plaintiffs;

**WHEREAS**, on June 18, 2025, Defendant answered the Complaint (ECF No. 23);

**WHEREAS**, on June 23, 2025, the Court entered an order setting a Scheduling Conference for July 31, 2025 at 10:00 AM (ECF No. 24) that was later vacated (ECF No. 29);

**WHEREAS**, on June 26, 2025, Plaintiffs served responses and objections to Plaintiffs' discovery;

**WHEREAS**, on July 14, 2025, the Parties filed a Joint Stipulation for Protective Order (ECF No. 25), which was entered on July 15, 2025 (ECF No. 27);

**WHEREAS**, on July 28, 2025, the Court entered the Scheduling Order (ECF No. 30) in the above-captioned action (the "Action");

**WHEREAS**, on July 28, 2025, the Court also entered an Order/Referral to ADR Procedure No 3 (ECF No. 31) (to be completed by April 2, 2026);

**WHEREAS**, the Parties have been diligently working through discovery and conferring in good faith regarding the Parties' responses and objections to their discovery requests but agree that additional time is necessary to conduct discovery in advance of depositions and dispositive motions, including class certification and summary judgment, and for the Court-mandated ADR;

**WHEREAS**, as set forth in the accompanying declaration, the Parties have met and conferred via video conference no fewer than seven (7) times (May 29, June 2,

June 3, June 23, July 7, July 30, and September 17, 2025), regarding written and document discovery, with most of these lasting at least one hour. The Parties have also exchanged detailed letter correspondence and emails regarding written and document discovery and in memorialization of such meet and confers. The Parties engaged in this extensive negotiation over the scope of discovery in order to ensure the proportionality, efficiency, and fairness of discovery in this Action, and to avoid burdening the Court with unnecessary motion practice by resolving as many disputes as possible without the need for judicial intervention. Although the negotiation process was lengthy and protracted, the Parties now appear to have reached agreement on many of Defendant's responses contested by Plaintiffs;

**WHEREAS**, further to the Parties' extensive meet and confers over the scope of discovery, Defendant is and has been in the process of collecting, reviewing and preparing to produce documents and data responsive to Plaintiffs' discovery requests. Defendant currently anticipates producing responsive documents and data on or before October 10, 2025, with production to be substantially completed shortly thereafter, along with providing supplemental responses to Plaintiffs' discovery as agreed to by the Parties;

**WHEREAS**, given the protracted discussions over discovery that have enabled the Parties to avoid motion practice (thus far) on Defendant's responses to Plaintiffs' discovery requests, and other factors set forth in the accompanying declaration, on

September 17, 2025 the Parties met and conferred pursuant to Local Rule 7-3 and agreed that modifying the Scheduling Order in the manner proposed herein is appropriate and will not result in unnecessary delay;

**WHEREAS**, modification of the Scheduling Order is warranted to allow the Parties to conduct discovery in advance of depositions and dispositive motions, including class certification and summary judgment, and to prepare for and conduct the Court-mandated ADR;

**WHEREAS**, the Parties agree and respectfully request that the dates in the Scheduling Order be extended by ninety (90) days;

**WHEREAS**, this is the first request to modify the Scheduling Order by either Party, as the Parties have not previously requested that the Court modify the Scheduling Order;

**WHEREAS**, under Fed. R. Civ. P. 6(b)(1)(A), "the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"; and

**WHEREAS**, for the reasons stated above and as detailed in the concurrently filed declaration from counsel, good cause exists for the Court to grant this Stipulation.

## STIPULATION

Now therefore, the Parties hereto, by and through their respective counsel, hereby stipulate as follows and request that the Court modify the Civil Trial Scheduling Order and related dates as follows:

///

///

///

///

///

FIRST JOINT STIPULATION TO MODIFY SCHEDULING ORDER
CASE NO. 5:25-CV-00186-KK-SHK
6

| To Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Deadline for parties to schedule ADR proceeding | 9/26/2025 | 12/26/2025 |
| Deadline to Move for Class Certification | 11/8/2025 | 2/6/2026 |
| Fact Discovery Cut Off (including hearing of discovery motions) | 1/8/2026 | 4/8/2026 |
| Last Day to Serve Initial Expert Reports | 1/22/2026 | 4/22/2026 |
| Last Day to Serve Rebuttal Expert Reports | 2/5/2026 | 5/6/2026 |
| Expert Discovery Cut Off (including hearing of discovery motions) | 2/26/2026 | 5/27/2026 |
| Motion Hearing Cut Off | 4/2/2026 | 7/1/2026 |
| Last Day to Conduct Settlement Proceedings | 4/2/2026 | 7/1/2026 |
| Final Pretrial Conference | 5/7/2026 | 8/5/2026 |
| Jury Trial | 6/1/2026 | 8/31/2026 |

**IT IS SO STIPULATED AND AGREED.**

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Dated: September 24, 2025 | /s/ *Jennifer L. MacPherson* |
| 3 |   | Jennifer L. MacPherson |

CROSNER LEGAL P.C.
Jennifer L MacPherson (SBN 202021)
*jmacpherson@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Classes*


Dated: September 24, 2025

/s/ *Monica Frascona*
Monica Frascona

Monica Frascona
FOLEY HOAG LLP
4643 South Ulster Street
Suite 970
Denver, Colorado 80237

August T. Horvath (*pro hac vice* petition forthcoming)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th floor
New York, NY 10019

*Attorneys for Defendant Walmart Inc.*

**ATTESTATION PURSUANT TO L.R. 5-4.3.4**

Pursuant to Local Rule 5-4.3.4, the filer attests that the other signatories listed, on whose behalf the filing is also submitted, concur in the filing's content and have authorized the filing.

Dated: September 24, 2025          */s/ Jennifer L. MacPherson*

                                   Jennifer L. MacPherson